IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-00482-WYD-KMT

BRIAN KEITH JONES,

    Plaintiff,

v.

RAE TIMME, Warden, and
DURDIN, I.D. Badge #10408,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court in connection with Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment filed July 1, 2010. This motion was referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated May 3, 2010, and Memorandum dated July 1, 2010. A Recommendation of United States Magistrate Judge was issued on August 10, 2010, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Tafoya notes in the Recommendation that although Plaintiff was given an opportunity to respond to Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment, he failed to do so. (Recommendation at 5.) She treats the motion as one for summary judgment (*id.* at 5) and recommends that Defendants' motion be granted based upon Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (*Id.*

at 7-8.) Accordingly, she recommends that the case be dismissed in its entirety. (*Id.* at 8.)

Magistrate Judge Tafoya advised the parties that specific written objections were due within fourteen (14) days after service of a copy of the Recommendation. (Recommendation at 8-9.) Despite this advisement, no objections were filed to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Tafoya that summary judgment should be granted in favor of Defendants based on Plaintiff's failure to exhaust his remedies under the PLRA. As the Recommendation notes, Plaintiff fails to state that he has exhausted administrative remedies in his Amended Complaint. (Recommendation at 7.) Further, he did not file a response to Defendants' motion asserting that Plaintiff failed to exhaust his available remedies and Defendants have presented uncontroverted

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

evidence that Plaintiff did not comply with the Colorado Department of Corrections' grievance process. (*Id.* at 7-8.) Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated August 10, 2010 (ECF No. 31) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment filed July 1, 2010 (ECF No. 29), which the Court treats as a motion for summary judgment, is **GRANTED**. Summary judgment shall enter in favor of Defendants and against Plaintiff and this case shall be **DISMISSED** in its entirety.

Dated: September 3, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge